## BOATRIGHT vs. THE STATE OF GEORGIA.

1. The defence to this indictment for furnishing liquor to a minor, that it was furnished without defendant's knowledge or consent, but by another in his employment and acting as a bar-tender for him, and the refusal to charge that such defence was sufficient, is covered by the ruling in *Loeb vs. State*, 75 *Ga*. 258.

2. Although a father may have directed a saloon-keeper to send him beer or liquor by his minor son when sent for it, and that was done, yet where the saloon-keeper was not indicted for such sales, but for selling liquor to the minor, which was drunk by him and a comrade at the bar, it was proper to refuse to charge that the direction of the parent was a sufficient defence.

October 12, 1886.

Criminal Law.  Parent and Child.  Charge of Court. Before Judge VAN EPPS.  City Court of Atlanta.  March Term, 1886.

Boatright was indicted for selling liquor to a minor, Will. Waits.  The evidence showed that the boy's father sometimes sent him to defendant's bar to get beer in a bucket or pitcher; that defendant at first refused to let him have it, but the father requested him to do so when he sent for it; also that young Waits went to the bar on one occasion with another boy named Sewell; that Sewell called for beer; and that defendant waited on them and they both drank.  Waits testified that he had drunk beer there at other times.  Defendant, in his statement, denied having knowingly furnished beer for Waits to drink, and said that he would not have done so, though he had sold beer to Sewell.  The jury found him guilty.  He moved for a new trial on the following grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to charge the jury that if they believed from the evidence that the defendant let young Waits have beer or liquor, and that it was done by order of his father for himself and not the boy, the defend-

ant would not be guilty; . also, if spirituous or malt liquors were furnished by the defendant to one Sewell, and it was not known to the defendant that any part of such liquors was furnished to young Waits, or bought for him by some one not in any way connected with defendant's place of business, then the jury could not find the defendant guilty.

The motion was overruled, and the defendant excepted.

R. J. JORDAN, for plaintiff in error.

H. C. GLENN, solicitor city court, by JAS. MAYSON, for the State.

HALL, Justice.

To this indictment for furnishing a minor with spirituous liquor without written authority from his father, two defences were set up : 1st, that the defendant had verbal direction from the parent to send him beer or liquor by the boy when he sent him for it; and 2nd, that the liquor was not furnished by the proprietor, or by his consent, or with his knowledge, but by another person in his employment and acting as a bar-tender for him. The court was asked to charge that these defences were sufficient to acquit, but declined to do so, and upon this refusal so to charge error is assigned. The last of these grounds of alleged error was effectually disposed of by *Loeb's* case, October term, 1885, of this court. 75 *Ga.* 258. The other charge requested was properly refused because the defendant was not indicted for sending liquor to the father by his minor son, but for furnishing it to the minor.

It is true that the father made this request and that the defendant complied with it, but it also appears from the evidence that the son and another minor, his companion, got liquor, which they drank, at defendant's tippling-house. The court did not decide, by refusing this request, that the

statute was violated by sending the parent beer or liquor, upon his verbal order, by the hands of his minor son. Why the testimony to this effect was allowed, we do not under-stand; it was not relevant to the charge made and which was fully proved. There is no error in this record.

Judgment affirmed.