Argued May 8, affirmed May 22, 1917.

## STATE v. NEWLIN.

(165 Pac. 225.)

Intoxicating Liquors—Sufficiency of Indictment—Statute.

1. Under the direct provisions of Laws 1915, page 166, Section 33, it is not necessary that an indictment should disclose that a party charged with the illegal sale of intoxicating liquor did not have legal authority to sell such liquor, or that he was not within any of the exceptions provided for by the act.

Intoxicating Liquors—Pleading—Proof.

2. In a prosecution for the illegal sale of intoxicating liquors, designated in the indictment as "ethyl alcohol," as "alcohol" and

"ethyl alcohol" are practically synonymous, there is no merit in the contention that in disclosing merely a sale of alcohol there was a failure of proof, and that the court erred in instructing the jury that "ethyl alcohol is, as a matter of law, intoxicating liquor."

**Witnesses—Impeachment—Prior Convictions.**

3. In view of statutory provision that to impeach a witness it may be shown by examination of the witness that he has been convicted either of a felony or misdemeanor, in a prosecution for the illegal sale of intoxicating liquors, where defendant testified that he had been convicted but once, the state was properly permitted to show in rebuttal that there were five prior convictions of defendant.

[As to violation of liquor law as "crime" for conviction of which witness may be impeached, see note in **Ann. Cas.** 1916A, 276.]

**Intoxicating Liquors—Instructions.**

4. In a prosecution for the illegal sale of intoxicating liquors, where there was evidence that a witness for the state and another went to a point near defendant's place on the day that this sale was alleged to have been made, and that such other went into the defendant's store and came out in a short time with a bottle of alcohol, from which the witness drank, the court properly refused to instruct that there was no evidence that defendant on the day stated made a sale to such person.

From Union: JOHN W. KNOWLES, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

On January 20, 1917, the defendant was indicted for selling intoxicating liquor in violation of the provisions of Chapter 141 of Laws of Oregon of 1915, the charging part of the indictment reading as follows:

"The said Adolph Newlin, on the 11th day of January, 1917, in the county of Union and State of Oregon, did then and there wrongfully, wilfully and unlawfully sell intoxicating liquor, to wit—ethyl alcohol—to ·one Joe Hickey, by then and there, him, the said Adolph Newlin, selling and delivering the said intoxicating liquor to the said Joe Hickey, and receiving therefor, the sum of fifty cents, lawful money of the United States, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

To this indictment the defendant filed a general demurrer which being overruled a plea of not guilty

was entered and a trial had resulting in a judgment of conviction from which this appeal is taken.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Ivanhoe & Marker,* with an oral argument by *Mr. Francis S. Ivanhoe.*

For the State there was a brief with oral arguments by *Mr. John S. Hodgin,* District Attorney, and *Mr. George M. Brown,* Attorney General.

MR. JUSTICE BENSON delivered the opinion of the court.

It is first contended that defendant's demurrer to the indictment should have been sustained because the statute which forms the basis of the prosecution permits the sale, under certain specified restrictions, of ethyl alcohol by registered pharmacists and that in order to sufficiently describe a crime, the indictment should disclose the fact that defendant was not then one of the privileged class or that the sale was in violation of one or more of the restrictions. Section 33 of the act referred to contains the following provision:

"And it shall not be necessary in the first instance, for the state to allege or prove that the party charged did not have legal authority to sell such liquor, or was not within any of the exceptions provided by this act."

We need not consider what merit might be found in defendant's contention in the absence of this clause; but, since it exists, there was no error in overruling the demurrer. The next contention is that since the evidence disclosed merely a sale of alcohol, without any specific evidence that it was ethyl alcohol, there

was a failure of proof and that the court erred in instructing the jury "ethyl alcohol is, as a matter of law, intoxicating liquor." An examination of the authorities discloses the fact that "alcohol" and "ethyl alcohol" are practically synonymous. Examining Webster's Dictionary we find it defined thus: "Alcohol: Pure spirits of wine: pure or highly rectified spirit called ethyl alcohol." The Standard Dictionary and many others support this position and therefore there is no merit in defendant's contention upon this point.

It is also urged that the trial court erred in permitting the state to offer in evidence the judgment-rolls of five prior convictions for the unlawful sale of intoxicating liquor after the defendant had admitted upon cross-examination that he had been convicted of a crime. The defendant had testified that there had been but one such conviction and in rebuttal the state was permitted to show that there had been five. In *State* v. *Bacon,* 13 Or. 143 (9 Pac. 393, 57 Am. Rep. 8), Mr. Justice LORD says:

"On the subject of the impeachment of a witness, the code provides 'that it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a crime.' (Code, § 830, p. 274.) And the word 'crime' as defined by the code, includes both felonies and misdemeanors. It may therefore be shown by the examination of the witness that he has been convicted either of felony or a misdemeanor, and the record may also be introduced to prove that fact."

We can see no good reason for the contention that it was error to admit the evidence of more than one conviction. If the fact that a witness has been convicted of one criminal offense has a tendency to discredit his testimony, we may fairly infer that several

convictions would simply add to the effect of such inference. The following authorities support this view: 40 Cyc. 2610; *People* v. *Kelly,* 146 Cal. 119 (79 Pac. 846, 847); *People* v. *Eldridge,* 147 Cal. 782 (82 Pac. 442, 444).

It is further insisted that there was error in refusing to give to the jury the following requested instruction:

"I instruct you, gentlemen of the jury, that there is no evidence in this case, that defendant made an unlawful sale of intoxicating liquor, on the 11th day of January, 1917, to the person mentioned in the evidence as a fireman, that witness Hickey claims furnished with a bottle of alcohol; and you will not consider any testimony on this trial concerning any sale claimed to have been made by defendant to said alleged fireman, or that any such person may have furnished any intoxicating liquor to said witness, or that any liquor said witness may have received from such alleged fireman was intoxicating liquor, or that the same was ever purchased from defendant."

The court very properly refused this request for there is evidence to the effect that Hickey and a man, whose name is not disclosed but who was understood by the witness to be a fireman in the railroad service, went to a point across the street from defendant's place on the same day that the sale charged in the indictment is alleged to have occurred; that there they each contributed fifty cents for the purchase of alcohol; and that the fireman went into the defendant's store and came out in a short time with a bottle of alcohol from which the witness Hickey drank. We are not concerned as to the credibility of the evidence; that is for the jury, and it is sufficient to say that in the face of this evidence it would have been decidedly improper for the court to have given such an instruction.

There are other assignments of error but none of them are of such a nature as to change the result and they need not be considered.  The judgment is affirmed.

AFFIRMED.