# CHARLESTON.

## STATE v. DUFF.

Submitted November 13, 1917. Decided November 20, 1917.

INTOXICATING LIQUORS—*Transportation—Indictment.*

> An indictment under §7, ch. 32A, Code 1916, for the unlawful carriage of intoxicating liquors, otherwise in due form, is not insufficient or defective because it fails to specify the kind of liquors or the name of the person for whom they were transported. (p. 408).

2. CRIMINAL LAW—*Harmless Error—Bill of Particulars—Denial.*

> Where the motion for a bill of particulars containing such specification is not accompanied by an affidavit showing the information desired and the need of it for the purposes of defense, and the prosecuting attorney, before commencement of the trial, pursuant to court direction, designates upon the record the names of the persons for whom the evidence for the state and the admissions of defendant show the liquors were unlawfully carried, denial of the motion will not be deemed prejudicial error in the appellate court. (p. 408).

3. INTOXICATING LIQUORS—*Unlawful Carriage—Persons Liable.*

> To an indictment charging unlawful carriage of liquors for
>
> 81 W. Va.

another it is not a sufficient defense that the carrier is the parent or guardian of a minor for whom the transportation was made. (p. 409).

Error to Circuit Court, Harrison County.

Lloyd Duff was convicted of the unlawful carriage of intoxicating liquor for other persons, and he brings error.

*Affirmed.*

*Chas. W. Moore* and *Will E. Morris*, for plaintiff in error.

*John T. Simms*, for the State.

LYNCH, PRESIDENT:

By a verdict amply sustained by competent evidence, defendant was convicted of the unlawful carriage of intoxicating liquors for other persons. The grounds urged for reversal of the judgment are insufficiency of the indictment, denial of a bill of particulars, and certain rulings upon evidence.

The indictment was found under §7, ch. 32A, Code 1916, providing that no person, other than a common carrier, "for hire or without hire shall bring or carry into this state, or carry from one place to another within the state, intoxicating liquors for another, even when intended for personal use". The charge averred in the formal accusation is that defendant, within Harrison county, did unlawfully carry from Salem to Point Comfort "intoxicating liquors for another". The complaint is that the indictment does not specify the kind of liquors carried or the name of the person for whom they were transported. These contentions, it would seem, clearly are settled by prior decisions in analogous cases. The form of indictment prescribed by §3 of chapter 32A, for unlawful sales, is no less general in its terms. It does not contain a description of the liquors alleged to have been sold or a designation of the name of the purchaser. Yet in at least two cases such indictment has been held sufficient. *State* v. *Farley*, 78 W. Va. 471; *State* v. *Sixo*, 77 W. Va. 243. The more recent decisions are practically uniform in holding that the indictment need not specify the kind of liquor or the name

of the purchaser.  Joyce on Int. Liq., §643; Black on Int., §§464, 467; 23 Cyc. 228, 232; *State* v. *Pendergast,* 20 W. Va. 672; *State* v. *Chisnell,* 36 W. Va. 659; *State* v. *Ferrell,* 30 W. Va. 683; *State* v. *Huff,* 92 S. E. 681.  The latter case and *State* v. *Sixo* also sustain, in part, the denial of the bill of particulars.  Here no affidavit was filed with the motion, specifying the information desired and showing the need of it for the purposes of defense.  Furthermore, the court, before the commencement of the trial, required the prosecuting attorney to designate, and he did designate, upon the record the names of the persons for whom he proposed to prove and did prove the liquors were carried; and these were the same persons for whom defendant in his testimony practically admits he transported the intoxicants.  Under these circumstances, it is difficult to perceive how any actual prejudice could result to him because of the alleged uncertainty in the indictment or the want of a further specification of its charges.

The only other assignment requiring consideration is that the court erred in admitting proof of the carriage of liquor by defendant for his son, Aubrey Duff, one of the four persons so designated, because of the parental relationship.  The statute contains or authorizes no such exception.  It is penal in character, and one of its primary objects is the protection of the youth of the state from the ill effects of the consumption of intoxicants.  Frequently it has been held that, in the absence of statute authorizing such permission, consent of a parent is no defense to an indictment charging a prohibited sale to a minor.  *State* v. *Clottu,* 33 Ind. 409; *State* v. *Lawrence,* 97 N. C. 492; *Adler* v. *State,* 55 Ala. 16; *Boatright* v. *State,* 77 Ga. 717; *Commonwealth* v. *Finnegan,* 124 Mass. 324.  In the Clottu case the court, after holding authority from the father an insufficient defense under a statute forbidding sale "to any person under the age of twenty-one years", said it knew "of nothing in the state constitution prohibiting the legislature from passing such an act.  The duties and authority pertaining to the relation of parent and child have their foundations in nature, it is true.  Nevertheless, all civilized governments have regarded this relation as falling

within the legitimate scope of legislative control. Except in countries which lie in barbarism, the authority of the parent over the child is nowhere left absolutely without municipal definition and regulation. The subject has always been regarded as within the purview of legislative authority''.

The plain purpose of the statute is to minimize the danger from secret transportation of intoxicating liquors, without regard to the relationship of the parties. If the legislature had intended to except a natural or legal guardian, it would have done so in express terms. It had in view the prevention and suppression of the use of liquors by minors, whose immaturity leads them more readily to contract abnormal appetites and dangerous habits, as well as by persons of mature years and experience. In the expression of the legislative will there is no exceptive provision that appears in terms or by reasonable implication; and the language and purpose of the chapter are so strong and peremptory as to exclude exceptions by inference or construction. It is intended to protect society, as certainly as those who may have a personal interest in the minor, by reason of blood or otherwise. The parent or guardian or employer is as much without authority to carry liquor for a minor as any other person in violation of the law.

Besides, the proof here indicates an attempt to evade the statute. It may be doubted whether Aubrey Duff in fact then was under twenty-one years of age. He told the officer he was above that age. That he made the admission is not denied, though defendant says he is still a minor. The jury may have thought that his personal appearance indicated he had attained his majority. However that may be, the verdict and judgment seem to be free from error, and are therefore affirmed.

*Affirmed.*