Submitted on briefs June 29, affirmed September 27, 1921.

## STATE *v.* HARRIS.

(200 Pac. 926.)

**Criminal Law—Statute Construed to Apply Only in Civil Actions.**

1. Section 2430, Or. L., providing that, when defendant is in custody, postponement of the trial granted upon the application of plaintiff for a period longer than one day discharges defendant from arrest, since Section 2429 provides that a justice must grant a delay not exceeding 60 days upon the application of either party for cause being shown, applies to civil actions only.

**Criminal Law—Statute Construed to Apply to Postponement of Criminal Action in Justice Court.**

2. Section 2501, Or. L., included in Chapter 6, Tit. XX, relating to trials, proceedings, and judgment in criminal prosecutions in

Justices' Courts, providing that, when defendant is brought before a justice upon a warrant of arrest, trial must be had within one day unless continued for cause, governs a continuance in a justice court in a criminal case, and absence of a witness was sufficient cause for a continuance within the meaning of this section.

**Criminal Law—Defendant Already Discharged from Custody has No Complaint for not Being Again Discharged.**

3. Where defendant in a criminal prosecution had already been discharged from custody on giving bail, he cannot complain because of not being again discharged under Section 2430, Or. L., for delay of two days granted because of absence of a witness, since the section does not direct that the proceeding shall be dismissed.

**Criminal Law—Delay of Two Days on Account of Absence of a Witness Held not a Refusal of a "Speedy Trial."**

4. Where it does not appear that reasonable diligence was not exercised, postponement for two days to enable prosecution to obtain a witness was not an unreasonable delay, entitling defendant to be discharged, and is not a violation of the constitutional guaranty that defendant is entitled to a "speedy trial," which means one that can be had as soon after complaint is made as a prosecution can with reasonable diligence prepare for the same.

**Intoxicating Liquors—In Prosecution for Unlawful Possession, Failure of Complaint to Negative Statutory Exceptions Held not Error.**

5. Under Section 2224-58, Or. L., providing that in prosecution under the prohibition act it is not necessary to state the kind or quantity of liquor manufactured or sold, and that it is not necessary, in the first instance, for the state to allege or prove that defendant was not within any of the exceptions provided by the act, it is unnecessary in a prosecution for the unlawful possession of liquor for the complaint to allege that defendant was not within the exceptions provided by the act.

**Intoxicating Liquors—Burden of Proof of Lawful Possession is on Defendant.**

6. In a prosecution for the unlawful possession of intoxicating liquors, the burden of proving that the possession was lawful because coming within terms of exceptions or provisos in the statute, or under any circumstances relieving defendant from criminal liability, is on the defendant.

**Intoxicating Liquors—Allegation in Complaint for Unlawful Possession That Defendant Knew Liquor was Intoxicating Held Unnecessary.**

7. In a prosecution for illegal possession of intoxicating liquors, an allegation in the complaint that defendant knew the liquor was intoxicating *held* unnecessary.

---

4. Delays which are excusable with respect to accused's right to speedy trial, see note in 85 **Am. St. Rep.** 192.

Intoxicating Liquors—Allegation That Possession was Willful and Unlawful Equivalent to Allegation of Knowledge. ·

8.  An allegation in a complaint for unlawful possession of liquor that defendant willfully and unlawfully committed the act complained of is equivalent to alleging that it was knowingly done.

Indictment and Information—Complaint in Language of Statute, Without Alleging Kind of Liquor Illegally Possessed, Held Sufficient.

9.  ·In a prosecution for the unlawful possession of intoxicating liquors, it is sufficient that the complaint uses the language of the statute employed in describing the liquor, and an allegation of the kind of liquor is not necessary.

Intoxicating Liquors—Complaint Charging Unlawful Possession of a "Bottle Containing Intoxicating Liquor" Held Sufficient.

10.  A fair construction of a complaint is that the words "unlawfully have in his possession a bottle containing intoxicating liquor" are of the same purpose as though the defendant is charged with unlawfully having in his possession "a bottle of liquor," and the use of these words sufficiently charges possession of intoxicating liquor.

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.

The defendant was tried and convicted before a jury in the Justice's Court of Tillamook County, for the crime of unlawful possession of intoxicating liquor. The complaint charged that the defendant did "willfully and unlawfully have in his possession a bottle containing intoxicating liquor contrary to the statute," etc. On March 14, 1921, defendant entered a plea of not guilty, and was admitted to bail and "discharged from custody." On that date a jury was drawn, and the trial set for March 16, 1921. On the last date the district attorney moved the court for a continuance of the cause until March 18, 1921, on the ground of the absence of a witness. The motion was granted. On March 17th, the defendant by his counsel moved the court to dismiss the cause and discharge the defendant from custody, for the reason that the cause had been postponed for a period longer than one day. This motion was made under Section

2430, Or. L. It was overruled. After the defendant was convicted and fined $250 an appeal was taken to the Circuit Court for that county. Defendant again presented to the court his motion to dismiss and discharge the defendant. The motion was overruled. Upon a trial before the court and a jury defendant was again convicted, and was adjudged to pay a fine of $500. He appeals to this court, assigning errors.

AFFIRMED.

For appellant there was a brief over the name of *Mr. S. S. Johnson.*

For respondent there was a brief over the name of *Mr. T. H. Goyne,* District Attorney.

BEAN, J.—1. The first assignment of error is that the defendant should have been discharged upon his motion for the reason of the continuance of the cause for more than one day in the Justice's Court, under Section 2430, which enacts as follows:

"When the defendant is in custody, a postponement of the trial granted upon the application of the plaintiff for a longer period than one day discharges the defendant from arrest, and in such case the justice must indorse upon the writ of arrest, 'The defendant is discharged from custody upon the within process,' and sign the same with his name and office."

This section is Section 14 of an act of the legislature of 1899, "To better provide for and regulate practice and proceedings in Justices' Courts * * ," and to repeal certain laws: Laws of Oregon 1899, p. 111. Section 13 of the act of 1899, Section 2429, Or. L., provides:

"When a cause is at issue upon a question of fact, the justice must, upon sufficient cause shown on the

application of either party, postpone the trial, for a period not exceeding sixty days."

It is apparent that Section 2430, Or. L., provides that when the defendant has been arrested in a civil action and a postponement of the trial is granted upon the application of the plaintiff for a longer period than one day he shall be discharged from arrest, and the discharge indorsed upon the "writ of arrest." This enactment is to prevent the defendant being detained in custody upon a writ of arrest in a civil action on account of such postponement for more than one day.

2. Chapter VI, Title XX, Or. L., relates to trials, proceedings and judgment in criminal actions in Justices' Courts. Section 2501, which is a part of that chapter, is as follows:

"When the defendant is brought before the justice upon the warrant of arrest, the action must be tried within one day thereafter, unless continued for cause."

The first section of Chapter VI reads thus:

"A criminal action in a Justice's Court is commenced and proceeded in to final determination, and the judgment therein enforced, in the manner provided in the Code of Criminal Procedure, except as in this title otherwise specially provided."

Section 2430, Or. L., refers to a "writ of arrest" which is issued in a civil action. Section 2501, Or. L., directs proceedings when defendant is brought before the justice upon a "warrant of arrest" in a criminal action. Therefore a postponement, or continuance, of a criminal action in a Justice's Court is governed by Section 2501, Or. L. It appears that the action was continued on account of the absence of a witness,

which was a sufficient cause within the meaning of this section.

3. There is another reason why the defendant could not complain, even if it should be held that Section 2430 applied to this case. He had already been dis-charged from custody upon giving bail, and could not complain because he was not again discharged. The section does not direct that the proceeding shall be dismissed.

4. Counsel for defendant also urges that defendant should have been discharged on account of the post-ponement of the trial, by virtue of the constitutional guaranty that the defendant after he was arraigned was entitled to a speedy trial. By a speedy trial is meant one that can be had as soon after complaint is made as the prosecution can with reasonable diligence prepare for the same, regard being had to the sessions of the court. The prosecution should be prevented from oppressing the accused by holding the proceedings suspended over him indefinitely: 12 Cyc. 498. The postponement of the trial for two days, in order to afford the prosecution an opportunity to obtain a witness, was not an unreasonable delay, and it does not appear that reasonable diligence was not exer-cised in the preparation for the trial. The constitu-tional provision for a speedy trial was not intended to provide a loophole for the escape of one accused of the commission of an offense without trial when the same is had within a reasonable time. There was no error in overruling the motion to discharge the defendant.

5. It is next assigned as error that the complaint does not state facts constituting an offense; that it does not negative the exceptions set forth in the act

under which defendant is prosecuted. It is the contention of counsel for defendant that under the ordinary rule that an indictment must sufficiently describe the offense sought to be charged, "some sort of a description" of the intoxicating liquor is required. It is maintained that Section 2224-58, Or. L., which dispenses with this rule in the cases of offenses for manufacture or sale of intoxicating liquor does not include the case of unlawful possession of such liquor. That section in effect directs in part, that in prosecutions under the Prohibition Act, Sections 2224 to 2225-4, Or. L., whether commenced by indictment, complaint or information, it shall not be necessary to state the kind or quantity of liquor manufactured or sold, or the name of the person by whom the same was manufactured or sold, "nor to state the name of the person to whom the same was sold; and it shall not be necessary in the first instance, for the state to allege or prove that the party charged did not have legal authority to sell such liquor, *or was not within any of the exceptions provided by this act."* The general clause, which we have italicized, directing that it is unnecessary to state in an indictment or complaint that the party charged was not within any of the exceptions contained in the act, clearly applies to 'a complaint or indictment for the unlawful possession of intoxicating liquor, and renders the allegation contended for as wanting, unessential.

6. We therefore hold that in an indictment or complaint for unlawfully having possession of intoxicating liquor it is unnecessary, according to the specific provisions of Section 2224-58, Or. L., that the indictment or complaint should state that the party charged was not within any of the exceptions

provided for by the act. If the defendant claimed that the possession of the intoxicating liquor was lawful, because coming within the terms of any of the exceptions or provisos in the statute, or under any circumstances which would have relieved him from criminal liability, the burden rested upon him to establish such defense: *State* v. *Newlin,* 84 Or. 323 (165 Pac. 225); *State* v. *Wilbur,* 85 Or. 565 (166 Pac. 51, 167 Pac. 569); *City of Astoria* v. *Malone,* 87 Or. 88 (169 Pac. 749); *State* v. *Harding,* 108 Wash. 606 (185 Pac. 579); note to *Slack* v. *State,* Ann. Cas. 1913B, 136; *Bell* v. *State,* 32 Tex. Crim. 242 (137 S. W. 670, Ann. Cas. 1913C, 617, and note, 36 L. R. A. (N. S.) 98); 23 Cyc. 246.

7–9. In statutory crimes, unless there is incorporated into the legislative definition the element of knowledge on the part of the defendant, the intent with which the act was done is not an ingredient of the offense: *State* v. *Brown,* 73 Or. 325 (144 Pac. 444). It was unnecessary to charge in the complaint in the present case that the defendant knew the liquor was intoxicating: *Balfe* v. *People,* 66 Colo. 94 (179 Pac. 137). However, the charge in the complaint that the defendant "willfully, and unlawfully" committed the act complained of is equivalent to alleging that it was "knowingly" done: Webster's International Dictionary, 2336; *Wong* v. *City of Astoria,* 13 Or. 538 (11 Pac. 295); *State* v. *Nease,* 46 Or. 433, 442 (80 Pac. 897). Under the plain provisions of the statute it was not necessary to show by the complaint the kind of liquor which the defendant was in possession of. The lawmakers apparently foresaw that cases would be brought under the act for the unlawful sale and possession of intoxicating liquor which could not be

definitely classed or described in an indictment or complaint. It was sufficient in the case at bar to use the language employed in the statute in that respect: 23 Cyc. 228, 229; *State* v. *Runyan,* 62 Or. 246, 250 (124 Pac. 259); *State* v. *Wilbur, supra.*

10. It is argued on behalf of defendant that the description in the complaint of a "bottle containing intoxicating liquor" was not sufficient as used in the complaint to charge the possession of intoxicating liquor. An ordinary fair construction of the complaint is that the words "unlawfully have in his possession a bottle containing intoxicating liquor," are of the same purport as though the defendant were charged with unlawfully having in his possession "a bottle of liquor." The objection is untenable.

The complaint sufficiently describes the offense so as to inform the defendant of the crime with which he is charged. Finding no error in the record, the judgment of the Circuit Court is affirmed.

AFFIRMED.