STATE, RESPONDENT, *v.* GRIEBEL, APPELLANT.

(No. 5,080.)

(Submitted September 28, 1922. Decided December 18, 1922.)

[211 Pac. 321.]

*Criminal Law—Intoxicating Liquors—Unlawful Possession—Information—Sufficiency—Exceptions Recognized by Statute—Matter of Defense—Burden of Proof—Selection of Jury—Judgment Imposing Fine and Imprisonment.*

Intoxicating Liquors — Unlawful Possession — Information — Exceptions Recognized by Statute—Pleading.
   1.   The information in a prosecution for unlawful possession of in-toxicating liquor, attacked on the ground that it did not allege that the liquor was intended for unlawful use or sale, need not allege that the defendant did not come within any of the exceptions recognized by the statute.

Same—Exceptions Recognized by Statute—Matter of Defense.
   2.   That defendant charged with unlawful possession of liquor comes within any of the exceptions of the Prohibition Enforcement Act is a matter of defense, the burden of establishing which rests upon him.

Same—Information—Character of Liquor Need not be Alleged.
   3.   An information charging unlawful possession of intoxicating liquor need not specify the nature of the liquor, in view of the provision of section 11078, Revised Codes of 1921, authorizing the court to direct that defendant be furnished a bill of particulars when deemed proper.

Same—Selection of Jury—When Defendant cannot Complain.
   4.   Where defendant convicted of crime did not object to any of the

---

   1.   Necessity and sufficiency of description of the offense in alleging violations of the liquor law, see note in 38 **L. R. A. (n. s.)** 317.

   3.   Necessity of alleging and proving intoxicating quality of liquor in prosecution for illegal sale, see note in 13 **Ann. Cas.** 117.

[65 Mont. 390.]

jurors selected to try him or exercise any of his peremptory challenges, and on appeal does not contend that he did not have a fair and impartial trial, but assigns as error that the court erred in excusing a number of veniremen on the state's challenges for cause over his protests, his complaint is without merit.

Same—Erroneous Exclusion of Evidence Cured by Later Admission.

5. Erroneous refusal of defendant's offered evidence tending to show the character of his possession of intoxicating liquor was cured by its subsequent admission.

Same—Judgment—Fine and Imprisonment on Failure to Pay Fine Proper.

6. A judgment imposing a fine and providing that on default of payment defendant be confined in the county jail one day for each two dollars of the fine is valid.

*Appeals from District Court, Madison County; Lyman H. Bennett, Judge.*

Frank Griebel was convicted of unlawfully possessing intoxicating liquors and appeals from the judgment and an order refusing him a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. M. M. Duncan* and *Messrs. Canning & Geagan,* for Appellant.

The information does not state the nature of the intoxicating liquor that the defendant possessed, that is, it does not sufficiently describe the same. (*State* v. *Catalino* (Wash.), 204 Pac. 179.)

On the sufficiency of information charging possession, see 2 Woollen & Thornton on the law of Intoxicating Liquors, sec. 891; *Regadanz* v. *State,* 171 Ind. 387, 86 N. E. 449; *Barnhardt* v. *State,* 171 Ind. 428, 86 N. E. 481. The supreme court of Oklahoma holds that possession must be charged with intent to violate the prohibition laws, and our statute says, "intended for use in violating this Act." (*Mitchell* v. *State,* 2 Okl. Cr. 703, 103 Pac. 1069; *Thompson* v. *State* (Okl.), 189 Pac. 1091; 23 Cyc. 215.)

The court erred in sustaining the state's challenges to the jurors for cause who, when asked if they had formed an "opinion of the degree of credibility that could be given" the

detectives as witnesses, answered in most cases that they had, although they had no opinion as to the merits of the case. They were then challenged for cause by the state over objections of defendant. (See *State* v. *Hoffman*, 85 Wash. 276, 166 Pac. 765.) The jurors qualified themselves as competent jurors and the challenges should have been denied. (*State* v. *Howard*, 30 Mont. 518, 77 Pac. 50; *State* v. *Mott*, 29 Mont. 292, 74 Pac. 728.)

Specification of error 13 relates to the giving of instruction No. 6 over defendant's objection upon the ground that the law as stated therein is unconstitutional. There being no special penalty named in the law for possession, the penalty comes under the provision of section 11075 of the Revised Codes of 1921. The question raised is that the court must not impose a jail sentence, for a first offense, covering a greater period of time than that named by the legislature for a second offense, to-wit, ninety days. The defendant in this case upon failure to pay the fine must serve 250 days in jail; a term not intended by the legislature when they fixed the punishment at ninety days in jail.

Section 12069 of the Revised Codes of 1921 provides that a judgment of fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine. We are not unmindful of the decisions of this court in the cases of *State ex rel. Poindexter* v. *District Court*, 51 Mont. 186, 149 Pac. 958, and *In re Londos*, 54 Mont. 419, 170 Pac. 1045, but still claim that this case should be distinguished from those because of the language used in section 11075, for there it fixes the punishment for a second offense at a fine of not less than $100 nor more than $1,000, or be imprisoned not more than ninety days. Under this provision a fine and imprisonment cannot be imposed, but should there be imprisonment it must not exceed ninety days; therefore, we contend that a construction should be given this statute in conformity to the decisions of California courts

under section 1205 of the Penal Code of California, that is, the term of imprisonment upon the fine must not be for a longer time than that named in the law. (*People* v. *Pera,* 36 Cal. App. 292, 171 Pac. 1091; *People* v. *Ellena* (Cal. App.), 205 Pac. 701.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State.

Appellant was charged with the unlawful possession of said intoxicating liquor which was fit for use for beverage purposes. The phrase "intoxicating liquor" is by statute construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter and wine, and any other spirituous, vinous, malt or fermented liquor, liquids and compounds containing one-half of one per centum or more of alcohol by volume which are fit for use for beverage purposes. (Sec. 11048, Rev. Codes.) This information charges the unlawful possession of intoxicating liquors containing one-half of one per centum or more of alcohol by volume, which said liquors then and there were fit for use for beverage purposes. It is not necessary, under a statute like ours, to state the nature of the liquor. It is sufficient to designate it as intoxicating liquor containing more than the lawful limit of alcohol by volume and fit for use for beverage purposes, contrary to the statute. (*State* v. *Harris,* 101 Or. 410, 200 Pac. 926; *State* v. *Sullivan,* 97 Wash. 639, 166 Pac. 1123; *State* v. *Busick,* 90 Or. 466, 177 Pac. 64; *Bullard* v. *United States,* 245 Fed. 837, 158 C. C. A. 177; *State* v. *Duff,* 81 W. Va. 407, 94 S. E. 498; *Taylor* v. *State* (Okl.), 88 South. 205; 23 Cyc. 229; 15 R. C. L. 150.) The case of *State* v. *Catalino* (Wash.), 204 Pac. 179, cited by appellant, is not in point, because the information in that case did not even follow the statute, and failed even to allege that the liquor designated as intoxicating was capable of being used for beverage purposes.

The law making the unlawful possession of intoxicating liquors an offense did not specifically provide a penalty for

that particular offense, but left it to be punished under the provisions of section 11075, Revised Codes of 1921, where the penalty for a first offense is fixed at a fine of not more than $500; imprisonment, as a part of the punishment, being inflicted only for a second offense. Appellant's argument is that since imprisonment for a second offense is limited to ninety days, the failure of a convicted person for a first offense to pay his fine of $500, where that amount is assessed, will cause him to be imprisoned for a period exceeding the term allowed by the law. Imprisonment for failure to pay a fine is not, strictly speaking, punishment for the offense of which the conviction is had. The convicted person, under the law, has the privilege of keeping his money and serving out his fine at the rate of one day for every two dollars of the fine. It is merely the power of the court to enforce the payment of the fine and is not in any manner a part of the judgment.

We see no distinction between the principle in the instant case and that of the cases of *State ex rel. Poindexter* v. *District Court,* 51 Mont. 186, 149 Pac. 958, and *In re Londos,* 54 Mont. 419, 170 Pac. 1045, cited by appellant, and which he attempts to distinguish.

The two California cases cited by appellant are not in point of authority for his contention, for the reason that the California statute (sec. 1205, Pen. Code) is different from our section 12069, in that it provides that, while a defendant may be imprisoned in default of a fine at the rate of one day for every two dollars of the fine, the imprisonment "must not extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." This quoted clause does not appear in our statutes.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The information in this case charges that Frank Griebel, at a time and place, "did willfully, wrongfully, and unlawfully

possess certain intoxicating liquors containing one-half of one per centum or more of alcohol by volume, which said liquors were then and there fit for use for beverage purposes," contrary, *etc.* In another count of the information he was charged with willfully, wrongfully and unlawfully selling intoxicating liquors. The jury found him guilty on the first count and fixed his punishment at a fine of $500. It found him not guilty of selling liquor. The court pronounced judgment in conformity with the verdict and provided that in default of payment of the fine the defendant be confined in the county jail one day for each $2 of the fine, or as much thereof as should be unpaid. Defendant moved for a new trial which was denied. The appeal is from the judgment and from the order denying a new trial.

1. Defendant's counsel attack the information. They insist that it is insufficient because it is not alleged therein that the liquors were intended for use in violation of the law nor that they were intended for unlawful sale; it does not state the nature of the intoxicating liquor defendant possessed, and it does not sufficiently inform the defendant as to what is charged against him. In view of the express provisions of the statute none of these objections is good.

By the terms of section 11843, Revised Codes of 1921, an information must contain "a statement of the facts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." It is supplemented but along the same line of liberality by section 11852. Section 11854 provides that presumptions of law need not be stated in an information. These sections are applicable to all informations and evince the intention of the legislature, as does Chapter 17, Part II, of the Penal Code, of which they are a part, to get away from the strict rules of criminal pleading formerly in vogue, many of which rules served no purpose except to provide for many a guilty man a convenient loophole of escape.

When we come to Chapter 29 of Part I of the Penal Code, commonly known as the prohibition statute, we find in section 11049 this mandate: "No person shall on or after the date when this Act goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquors as a beverage may be prevented."

Section 11070 reads as follows: "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this Act or which has been so used, and no property right shall exist. in any such liquor or property."

Section 11078, specifically relating to pleading in these liquor cases, provides that it shall not be necessary in any affidavit, information or indictment, to "include any defensive negative averments but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing and furnishing the defendant a bill of particulars when it deems it proper to do so." (And see *State* v. *Fredericks, ante,* p. 25, 212 Pac. 495.)

Section 11079 provides that "The possession of liquors by any person not legally permitted under this Act to possess liquor, shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this Act; but it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action

concerning the same to prove that such liquor was lawfully acquired, possessed and used.''

It thus appears clear that in an information or indictment [1, 2] for unlawfully having possession of intoxicating liquor it is not necessary to allege that the defendant is not within any of the exceptions recognized by the statute. If the defendant relies upon any of the exceptions as a defense, the burden is upon him to establish it. (*State* v. *Harris,* 101 Or. 410, 200 Pac. 926; *State* v. *Harding,* 108 Wash. 606, Ann. Cas. 1913B, 136, note, 185 Pac. 579; *Bell* v. *State,* 62 Tex. Cr. 242, Ann. Cas. 1913C, 617, note, 36 L. R. A. (n. s.) 98, 137 S. W. 670.)

It was not necessary to state the nature of the intoxicating [3] liquor. (Sec. 11111, Rev. Codes 1921; *State* v. *Fredericks, supra; State* v. *Sullivan,* 97 Wash. 639, 166 Pac. 1123; *State* v. *Duff,* 81 W. Va. 407, 94 S. E. 499; *State* v. *Busick,* 90 Or. 466, 177 Pac. 64.) It was perceived by the framers of the statute that occasion might arise when the general language of the pleading might not give the defendant sufficient specific information of the act charged; hence the bill of particulars mentioned in section 11078 was provided for. None was asked for in this case. None was necessary; the evidence discloses that the defendant was prepared to defend himself and ably at every point; every move of the state seems to have been anticipated by his counsel.

2. Defendant complains because the court excused a number [4] of veniremen on the state's challenges for cause over his protests. If injury had resulted to him, this court would look with serious eyes upon these assignments of error. But it is not said that he did not have a fair and impartial jury. It does not appear that he objected to anyone who sat upon his jury, nor but what he had all his peremptory challenges unused. An accused may not insist that he have upon his jury any certain man. If he has a fair and impartial jury "of good and lawful men" he must be satisfied. He may not and should not ask for more.

[65 Mont. 390.]

3. Defendant and one Lyman conducted what is described [5] as a soft-drink parlor and pool-hall, where they sold soft drinks, tobaccos, candies and the like. Lyman was a barber, and plied his trade there also. At the time of his arrest defendant was behind the bar, where he was attempting to dispose of some whisky by pouring it from a bottle into the sump. The officer took from defendant this bottle, and also took from his bedroom upstairs a jug of moonshine whisky. There was found upstairs also a demijohn said to contain moonshine. Behind the bar was a bottle smelling of whisky, and in the cellar there was a bottle said to contain whisky.

Defendant on the stand offered evidence tending to show the character of his possession of some of the state's exhibits. An objection by the state was sustained. Later in his testimony all material evidence offered was admitted, thus curing the error in rejecting the evidence in the first instance, if error there was.

Furthermore, not denying his possession of the whisky taken from him by the officers, he explained that the reason he was attempting to dispose of it was that he was afraid; he "got excited." Further explaining his possession of this particular bottle, he said he kept it in his room upstairs for his personal use, not for sale, and just at the time of the officer's arrival he was simply engaged in the time-honored custom of preparing for himself a morning toddy—a custom now relegated to the distant memories of all but forgotten things. But it seems that the jury was not impressed with these explanations.

We observe in passing that this whisky was not possessed by defendant in his private dwelling while the same was occupied and used by him as his dwelling only. (Sec. 11079, Rev. Codes 1921.) The evidence amply sustains the verdict.

4. Counsel for defendant say the court erred in giving instruction No. 4 over their objection. The instruction is subject to criticism but it could not have misled the jury in

any way; and this is quite clear when it is read in conjunction with instruction No. 5.

5. Defendant's contention that he may not lawfully be imprisoned in default of the payment of his fine, in accordance with the terms of the judgment, is foreclosed against him by the recent case of *State* v. *Sorenson,* 65 Mont. 65, 210 Pac. 752.

6. Other assignments of error are without merit.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER, HOLLOWAY and GALEN concur.