Argued June 20, affirmed July 10, rehearing denied September 25, 1917.

## STATE *v.* WILBUR.*

(166 Pac. 51; 167 Pac. 569.)

**Indictment and Information—Illegal Sale of Liquor—Constitutional Requirement.**

1. An indictment for illegally selling intoxicants, which, as permitted by Laws of 1915, page 166, Section 33, did not name the purchaser, was sufficient, and the indictment and statute did not violate Article I, Section 11, of the Constitution, declaring that accused shall have the right to demand the nature and cause of the accusation.

---

*As to whether indictment or information for unlawful sale of intoxicating liquors must state name of person to whom sale is made, see note in 23 L. R. A. (N. S.) 581.                     REPORTER.

**Intoxicating Liquors—Illegal Sale by Agent—Consent of Defendant—Statute.**

2. Under Laws of 1913, page 410, providing that in all prosecutions for an alleged illegal sale of intoxicants it is not necessary to show the knowledge of the principal to convict him for the acts of his agent or servant, unrepealed by Laws of 1915, page 170, Section 41, relating to intoxicants, and repealing only such prior enactments as were in conflict, in a prosecution for illegally selling intoxicants, the court properly charged that defendant was guilty if the sale was actually made by his employee, even if without his consent.

[As to liability of licensee for illegal sale of liquor by his agent or servant against instructions, see note in Ann. Cas. 1912A, 1199.]

**Criminal Law—Former Conviction—Pleading—Bar.**

3. Where the state elected to try its prosecution for illegally selling intoxicants as for an unlawful sale to a particular person, the choice, being properly induced, having been made a matter of public record, the conviction can be pleaded in bar to any further prosecution for a sale on such occasion to such person.

#### ON PETITION FOR REHEARING.

**Indictment and Information—Constitutional Requirements—Intoxicating Liquors.**

4. Laws of 1915, page 166, Section 33, known as the Prohibition Act, and providing that the indictment need not state the name of the person by whom or to whom the liquor was sold, does not violate the Sixth Amendment of the United States Constitution, providing that the accused shall be informed of the nature of the cause of the accusation.

**Constitutional Law — Indictment and Information — Intoxicating Liquors—Constitutional Requirements.**

5. Neither does such act violate the Fourteenth Amendment providing that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2. Statement by MR. JUSTICE MOORE.

The defendant was accused by an indictment the charging part of which reads:

"The said Julius Wilbur, on the 23d day of September, A. D. 1916, in the county of Clackamas and state of Oregon, then and there being did then and there unlawfully sell intoxicating liquor, contrary to

the statute in such cases made and provided, and against the peace and dignity of the state of Oregon."

A demurrer was interposed thereto on the ground *inter alia* that the indictment did not inform the defendant of the nature and cause of the accusation against him. The demurrer was overruled, whereupon the defendant entered a plea of not guilty, and a trial being had he was convicted and appeals from the resulting judgment.          AFFIRMED.

For appellant there was a brief over the name of *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Charles W. Fulton.*

For the State there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. Gilbert L. Hedges,* District Attorney.

MR. JUSTICE MOORE delivered the opinion of the court.

Section 33 of Chapter 141, Gen. Laws 1915, prohibiting in Oregon the manufacture, sale, or barter of intoxicating liquors, except as stated in the enactment, is as follows:

"In prosecutions under this act, whether begun by indictment, complaint, or information, it shall not be necessary to state the kind or quantity of liquor manufactured or sold, and it shall not be necessary to describe the place where the same was manufactured or sold, except in prosecutions for the keeping and maintaining of a common nuisance as defined by this act, or when a lien is sought to be established against the place where such liquor was illegally sold; and it shall not be necessary to state the name of the person by whom the same was manufactured or sold, nor to state the name of the person to whom the same was sold;

and it shall not be necessary in the first instance, for the state to allege or prove that the party charged did not have legal authority to sell such liquor, or was not within any of the exceptions provided by this act.''

It is contended by defendant's counsel that though the indictment complies with the clause of the statute quoted that enactment and the formal charge founded thereon violate Section 11 of Article I of the Constitution of Oregon, which declares:

''In all criminal prosecutions the accused shall have the right * * to demand the nature and cause of the accusation against him'';

and such being the case an error was committed in overruling the demurrer. In *State* v. *Shaw,* 22 Or. 287, 290 (29 Pac. 1028), Mr. Justice BEAN, in speaking of the sufficiency of an accusation, observes:

''The indictment is in the language of the statute; and it is the settled rule in this state that in indictments for misdemeanors, created by statute, it is sufficient to charge the offense in the words of the statute, subject to the qualification that the crime must be set forth with such certainty as will apprise the accused of the offense imputed to him.''

In addition to the cases cited as supporting the language thus quoted see also: *State* v. *Koshland,* 25 Or. 178 (35 Pac. 32); *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828); *State* v. *Miller,* 54 Or. 381 (103 Pac. 519); *State* v. *Edmunds,* 55 Or. 236 (104 Pac. 430); *State* v. *Billups,* 63 Or. 277 (127 Pac. 686, 48 L. R. A. (N. S.) 308); *State* v. *Scott,* 63 Or. 444 (128 Pac. 441); *State* v. *Underwood,* 79 Or. 338 (155 Pac. 194); *State* v. *Mishler,* 81 Or. 548 (160 Pac. 382).

In *Coleman* v. *State,* 150 Ala. 64 (43 South. 715), it was held that a statute of Alabama authorizing the

form of an indictment charging an illegal sale of intoxicating liquor and dispensing with an averment of the name of the person to whom the alleged sale was made did not violate the Constitution of that state, ·which granted to a defendant in a criminal action the right to be informed of the nature and cause of the accusation against him. The same conclusion was reached in the case of *Jones* v. *State,* 136 Ala. 118, 123 (34 South. 236). In *People* v. *McBride,* 234 Ill. 146, 170 (84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 994), it was ruled that a statute of Illinois making it unnecessary to name in an information the person to whom intoxicating liquor is alleged to have been illegally sold, did not violate the organic law of that state in not informing the accused of the nature of the charge against him. So, too, in *State* v. *Schweiter,* 27 Kan. 499, 511, it was decided that a statute of Kansas making it unnecessary in any prosecution for a violation of a prohibition law to state in the accusation the name of the person to whom the alcoholic beverage was sold did not violate the bill of rights of the Constitution of that state.

These cases proceed upon the theory that where a criminal offense is committed against a person or his property it is essential to the identification of the crime that the name of such person shall be given, or such property described in the formal accusation: *State* v. *Munger,* 15 Vt. 290, 293. Where, however, the offense is not directed against any particular individual, but against the community, such as the alleged illegal sale of intoxicating liquor, the legislature may prescribe the form of indictment and dispense with the requirement to name in the accusation the person to whom the alcoholic beverage is sold: *Lea* v. *State,* 64 Miss. 201, 203 (1 South. 51).

1. As the general prohibition statute now in force in Oregon makes it unlawful to sell intoxicating liquor for beverage purposes it is believed the indictment in the case at bar is sufficient without naming the purchaser, and that the statute authorizing such omission does not violate the clause of the Constitution invoked.

The material parts of the bill of exceptions state, in effect, that evidence was introduced by the state tending to show that on the night of September 23, 1916, the defendant was and for some time prior thereto had been proprietor at Milwaukie, Oregon, of a place of amusement known as the "Friars' Club," where he kept for sale soft drinks, soda water, lemonade, etc., and provided music and served meals when they were ordered; that at the time mentioned about twenty men and women were present, some of whom were seated at tables and being served with food and soft drinks, while others were engaged in dancing; that K. Wilson and F. J. Reichard each testified that while eating at different tables at such club on that night he ordered with his food whisky, which was served by a waiter and paid for by each witness in the amount of 25 cents; and that it did not appear from the evidence that the defendant personally sold or delivered any intoxicating liquor on the night referred to, but the testimony disclosed he was about the house and in the room where the people were dining on that occasion and was then recognized by them as the proprietor and manager of the "Friars' Club."

The bill of exceptions contains a clause which reads:

"Plaintiff announced that it elected to stand on the alleged sale of intoxicating liquor to said K. Wilson."

Based upon such testimony the court charged the jury as follows:

"A sale may be made by a man's agent just as well as by himself, and if you find that the sale was actually made by an employee of Mr. Wilbur, Mr. Wilbur will be just as guilty as the man himself."

Thereupon defendant's counsel inquired:

"Does your Honor mean to say, even though he had no knowledge of it, and it was not impliedly or otherwise with his consent?"

The court replied:

"I mean it to be true even if it is without his consent."

An exception having been taken to the language thus employed it is contended that an error was committed in so charging the jury.

2. The statute declares:

"All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such": Section 2370, L. O. L.

Section 41 of Chapter 141, Gen. Laws Or. 1915, relating to intoxicating liquors, repealed only such prior enactments on that subject as were in conflict therewith. The chapter so referred to did not repeal by implication Section 4937, L. O. L., nor Chapter 221, Gen. Laws 1913, which provide that in all prosecutions for an alleged illegal sale of intoxicating liquor, it is not necessary to show the knowledge of the principal to convict him for the acts of his agent or servant. If a principal would avoid conviction for an alleged violation of the law in such manner, he must not keep or have about his premises and under his control alcoholic beverages which might be illegally sold by his agent or servant on his account or for his benefit.

Under the provisions of the statute last referred to no error was committed in giving the instruction the sufficiency of which was challenged.

3. It would appear from the bill of exceptions that intoxicating liquor was illegally sold to K. Wilson and F. J. Reichard. It will be remembered that the state, evidently at the direction of the court, elected to try this action as for an alleged unlawful sale to Wilson, which choice was properly induced (*State* v. *Schweiter,* 27 Kan. 499, 511), and having thus been made a matter of public record the conviction can be pleaded in bar to any further prosecution for a sale on such occasion to that person.

It follows from these considerations that the judgment should be affirmed, and it is so ordered.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCCAMANT concur.

---

Rehearing denied September 25, 1917.

PETITION FOR REHEARING.

(167 Pac. 569.)

From Clackamas: JAMES U. CAMPBELL, Judge.

On petition for rehearing.  Rehearing denied.

*Messrs. Fulton & Bowerman, Mr. John J. Fitzgerald* and *Mr. Edward J. Brazell,* for the petition.

*Mr. George M. Brown,* Attorney General, and *Mr. Gilbert L. Hedges, contra.*

Department 2.   Opinion by MR. CHIEF JUSTICE MC-BRIDE.

4, 5. In their petition for rehearing counsel for defendant urge that Section 33 of Chapter 141, Gen. Laws of 1915, commonly known as the Prohibition Act, which section provides that the indictment need not state the name of the person by whom the liquor was sold nor that of the person to whom it was sold, violates not only Article I, Section 11, of the Constitution of this state but also the 6th and 14th Amendments to the Constitution of the United States. In the opinion already handed down in this case we have held that this contention so far as it relates to Article I, Section 11, of our Constitution is unsound, and the same line of reasoning pursued and the same authorities cited by Mr. Justice MOORE on that subject lead us to the conclusion that neither the 6th nor the 14th Amendment to the Constitution is violated by any provision of the section assailed. The petition for rehearing is denied.          REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE MCCAMANT concur.