Argued February 3, affirmed February 24, 1925.

## STATE *v.* GEORGE BUNKE.

(233 Pac. 538.)

**Indictment and Information—Complaint Charging Possession of Liquor in Language of Statute not Demurrable for Failure to Allege Knowing Possession.**

1. Complaint charging, in the language of the statute the unlawful possession of intoxicating liquors was not demurrable for failing to allege that accused knowingly possessed the liquor.

1. See 14 R. C. L. 185.

Criminal Law—Justice's Court has Jurisdiction of Offense of Possession of Liquor Committed in Any Part of County.

2. Justice's Court has jurisdiction of offense of possession of liquor committed in any part of county, under Section 2224—57, Or. L., and such provision does not exceed power of legislature under Constitution, Article VII, Section 1, as it existed prior to Amendment of 1910 or as now existing, being Section 1a of such article.

Statutes—Title to State Prohibition Law Held Sufficiently Explicit.

3. Title to the state prohibition law (Laws of 1915, p. 150), held sufficienly explicit to comply with Constitution, requiring legislature to specify in the title the subject matter of the act.

Criminal Law—Punishment Imposed for Unlawful Possession Held not Excessive, Cruel, or Unusual.

4. In prosecution for unlawful possession of intoxicating liquor, sentence imposing fine of $500 and six months in jail, accompanied by a parol of the jail sentence during good behavior, which sentence was considerably less than the maximum imposed by law, held not excessive, cruel, and unusual.

---

See (1) 31 C. J. 717; 33 C. J. 731.    (2) 16 C. J. 149, 156.    (3) 36 Cyc. 1051.    (4) 16 C. J. 1355.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

The defendant was complained against in Justice's Court, District No. 4, of Clackamas County, Oregon, for the crime of possessing intoxicating liquor. The complaint is as follows:

"George Bunke is accused by H. H. Hughes, by this complaint, of the crime of possession of intoxicating liquor, committed as follows:

"The said defendant, on the 25th day of March, 1924, in the County of Clackamas and State of Oregon, then and there being, did then and there unlawfully possess intoxicating liquor, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon."

---

3. Construction of constitutional provisions relative to titles of statutes, see notes in 1 Ann. Cas. 584; Ann. Cas. 1915A, 79. See, also, 25 R. C. L. 837.

4. What is cruel and unusual punishment, see note in Ann. Cas. 1918B, 396. See, also, 8 R. C. L. 262.

Having entered his plea of not guilty, he was tried before the justice and sentenced to pay a fine of $500 and costs, and imprisonment in the county jail for a period of six months, with imprisonment at the rate of one day for each two dollars of such fine, not exceeding 250 days. He appealed to the Circuit Court and in that court he demurred on the ground, first, that the facts stated in the complaint did not constitute a crime, and, second, that the court had no jurisdiction over the person of the defendant or the subject of the action set forth in the complaint.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Hodges & Gay,* with an oral argument by *Mr. C. M. Hodges.*

For respondent there was a brief and oral argument by *Mr. L. Stipp,* District Attorney.

McBRIDE, C. J.—1. Argument that the facts stated do not constitute a crime is predicated upon a failure of the complaint to allege that the defendant "knowingly" possessed the liquor. The complaint is in the language of the statute, and, under repeated rulings of this court, it is sufficient. It is similar to the complaint in the cases of *State* v. *Wilbur,* 85 Or. 565 (166 Pac. 51, 167 Pac. 569), *State* v. *Rosasco,* 103 Or. 343 (205 Pac. 290), and *State* v. *Harris,* 106 Or. 211 (211 Pac. 944). It also comes within the rule laid down in *State* v. *Carr,* 6 Or. 133, and many other cases of like purport. While it is true that in the case of *State* v. *Harris, supra,* this court held that in certain cases of unlawful possession of liquor it must be shown that such possession was a conscious possession, we have never held, or even intimated,

that the indictment should so allege; nor is such allegation essential.

2, 3. Another objection is that the Justice's Court at Oregon City had no jurisdiction to try the case. The question is raised upon a stipulation as to the testimony, which is to the effect that the defendant lived and was arrested at his home, which is seven miles southeast of Molalla, in Clackamas County; that he was brought to Oregon City for arraignment, and that, at that time, there was a justice of the peace at Mulino, and one at Beaver Creek, but none at Molalla, the district in which defendant lived. To this argument it may be answered that under the provisions of subdivision 57 of Section 2224, Oregon Laws, it is provided that:

"Justices of the peace, district courts, county courts and other courts having jurisdiction as justices of the peace, shall have concurrent jurisdiction with the circuit courts, of all prosecutions for violations of the provisions of this act except as herein otherwise provided."

This is the last expression of the legislature as to jurisdiction in this class of cases, and, being concurrent with the jurisdiction of Circuit Courts, which latter jurisdiction extends to the whole county, it constitutes such an implied amendment to existing laws as to leave no doubt of the jurisdiction of any justices in the county in cases of this character.

The title to the prohibition law, Chapter 141, General Laws of Oregon for 1915, is sufficiently explicit to be within the requirement of the Constitution which enjoins upon the legislature the duty of specifying in the title the subject matter of the act. The jurisdiction does not exceed the power granted the legislature by the Constitution, which, in its original state, provided that justices of the peace might be in-

vested with limited judicial powers (Article 7, Section 1, Constitution), and in its present condition leaves the organization and creation of courts, other than the Supreme Court, to the discretion of the legislature, providing, however, that they shall remain as at present until such changes may be made. In this case the legislature has seen fit to confer upon Justices' Courts a larger measure of jurisdiction, perhaps, than they possessed under the law as it stood before the passage of the act of 1915. Even if we followed the injunction of the original Constitution, that justices of the peace might be vested with limited judicial powers, the power granted by the prohibition act of 1915 is not an unlimited power such as possessed by Circuit Courts, but is a specific power to try the class of cases designated therein. We hold that the section objected to is entirely within the limits of the Constitution.

4. Another objection is made that the punishment imposed by the Circuit Court is cruel and unusual. The defendant was sentenced to pay a fine of $500 and to serve six months in jail, accompanied by a parole of the jail sentence during good behavior. A $500 fine is not excessive. Neither is a jail sentence of six months either cruel or unusual. The authorities on this subject will be found collated in the case of *Sustar* v. *County Court for Marion County,* 101 Or. 657 (201 Pac. 445). We have not before us the testimony in this case. We are therefore unable to say that the fine was excessive. For aught that appears here it may have been a very aggravated offense, and the punishment appears to be very much under the maximum penalty imposed by law. It is to be remembered that the defendant had two trials, the first before a justice of the peace, and the second

before a jury in the Circuit Court, and no doubt the court was sufficiently advised as to the gravity of the offense.

Judgment is affirmed.                          AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.