Argued September 16, affirmed October 12, 1926.

# STATE *v.* TOM SCOTT.

## (249 Pac. 817.)

**Indictment and Information—Indictment in Language of Statute for Possessing Still Held Sufficient, Though Purpose of Possession was not Alleged (Laws of 1923, p. 47, § 6).**

1. Under Laws of 1923, Section 6, page 47, making it offense to keep in possession a still not registered, it is not essential to sufficiency of indictment, drawn in language of statute, that indictment show purpose of possessing still.

**Criminal Law—Portions of Still Found in Defendant's Possession Held Admissible in Prosecution for Unlawful Possession of Unregistered Still, Though Purpose of Manufacturing was not Alleged.**

2. Where defendant was charged with possession of unregistered still, portions of still found in defendant's possession *held* admissible in evidence, though indictment did not allege that purpose of possession was manufacture of intoxicating liquor.

**Criminal Law— Question of Fact Held not Taken from Jury by Court's Definition of "Still."**

3. Court's definition of still as "any instrument or device capable of separating alcohol from any liquid containing alcohol" did not take question of fact from jury.

**Criminal Law—Presence of Still not Offered in Evidence Held not Prejudicial in View of Instruction to Disregard.**

4. Where still not offered in evidence was used for explaining testimony *held*, that any prejudice to defendant by such procedure was removed by court's charging jury to "totally disregard that so far as being connected with this case."

---

Intoxicating liquors, 33 C. J., p. 713, n. 59, p. 729, n. 42, p. 754, n. 34 New, p. 790, n. 36.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

The defendant Tom Scott was indicted, tried and convicted of the crime of unlawfully possessing a still and still worm, in Clackamas County, Oregon, without having first registered the same. He appeals assigning error.　　　　　　AFFIRMED.

For appellant there was a brief over the name of *Messrs. Hodges & Gay,* with an oral argument by *Mr. C. M. Hodges.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

BEAN, J.—The defendant assigns error in that the indictment does not sufficiently describe the still or still worm, for the reason the indictment does not show that it was "to be used for the purpose of manufacturing prohibited beverages." The charging part of the indictment is as follows:

"The said Tom Scott on the 30th day of October A. D. 1925, in the said county of Clackamas and State of Oregon then and there being, did then and there unlawfully and feloniously keep in his possession a still and still worm without having first registered the same together with the description of the premises where it was kept, with the County Clerk of Clackamas County contrary to the statutes etc."

The indictment charges an infraction of Section 6, Chapter XXX, General Laws of Oregon 1923, and is substantially in the language of the statute. That section of the act provides thus:

"No person shall keep in his possession any still worm or still * * without having first registered the same, together with a description of the particular premises where it is kept, with the county clerk * * such registration shall be in the form of a written declaration in duplicate, signed and sworn to by the registrant * * " and which registration shall contain a statement—"that the same is not intended to be used in the unlawful manufacture of intoxicating liquor" * * glass stills excepted.

The law inhibits a person from keeping in his possession a "still worm or still," without first having registered the same, together with a description of the place where it is to be kept, with the county clerk as directed by the statute. If the still is to be used for a lawful purpose it is necessary for the keeper to register it. The registration must contain a statement "that the same is not intended to be used in the unlawful manufacture of intoxicating liquor." The statute makes it an offense to keep in possession a "still worm or still" which is not so registered.

1. It is not essential that the indictment show that the still is to be used for the purpose of manufacturing prohibited beverages, but it is incumbent upon the possessor of such an apparatus to show in the registration thereof that the same is not intended to be used in the unlawful manufacture of intoxicating liquor. The indictment being in the language of the statute is sufficient: *State* v. *Wilbur*, 85 Or. 565 (166 Pac. 51, 167 Pac. 569); *State* v. *Rosasco*, 103 Or. 343 (205 Pac. 290); *State* v. *Bunke*, 113 Or. 523 (233 Pac. 538).

On the thirtieth day of October, 1925, the defendant Tom Scott was arrested upon the hill near his place by deputy sheriffs of Clackamas County. At the time he was arrested he was carrying a still on his back and was accompanied by a man by the name of Bowman. After his arrest the deputies took the back trail and found where the still had been set up; where some mash had been emptied and where a place had been prepared for a fire, and for the still to set over the fire. In addition to the still, either Scott or Bowman was carrying a coil, and the still at the time had a screw in the top of it and another piece of pipe was also there. These things together made a complete

distilling outfit; the still or tank itself, the cover to it, the coil or the worm, and the connections.

2. Error is assigned in admitting portions of the still found in defendant's possession in evidence as an exhibit, on account of the want of an allegation that it was for the purpose of manufacturing intoxicating liquor. For the reason stated, this was not error.

Exception is taken to the charge of the court to the jury to the effect that the defendant was accused of having a still and still worm in his possession and control, and not for owning or making one. And further, that:

"In your possession means that you have got control of it; that you can do with it, either by yourself or in conjunction with somebody else, anything you see fit, and if he was assisting or·aiding and abetting anybody else then he would be guilty of having it in his possession just the same as if he was sole and exclusive owner and controller of the apparatus defined in the statute."

3. Complaint is made by defendant that the court defined a still in such a way as to take from the jury a question of fact. We do not so read the charge. It reads in part thus:

"A still and still worm is any vessel capable of being used for the purpose of distilling. What is meant by distilling is the application of heat to liquid by which is converted into steam and afterwards converted into liquid, the steam being run through a coil which is kept cool, either by water or other process, cool enough so as to condense the steam into liquid, and that would be a distillery; and those apparatuses would be a still and still worm."

The court further stated, "it is any instrument or device capable of separating alcohol from any liquid containing alcohol."

4. The instructions were proper and fair. Defendant contends there was error in having another still in the courtroom at the time of trial which was not offered in evidence, but was used in explaining some of the testimony. The court charged the jury in regard to this other still to "totally disregard that so far as being connected with this case." The defendant was not prejudiced thereby.

There is no error in the record; the judgment is affirmed.    AFFIRMED.

McBRIDE, C. J., and BURNETT and BROWN, JJ., concur.