Argued and submitted January 17, affirmed April 13, reconsideration denied
June 3, petition for review denied July 6, 1983 (295 Or 297)

## STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

## ROBERT CHARLES PLANKINTON,
*Respondent - Cross-Appellant.*

(20-853(b); CA A24743)

661 P2d 1387

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Jerome S. Cooper, Special Assistant Attorney General, Salem.

Stephen A. Houze, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In March, 1981, a Multnomah County deputy sheriff obtained a search warrant from a Multnomah County district court judge, authorizing the sheriff to search defendant's person and premises located in Washington County. The search revealed a variety of items indicating that defendant was engaged in the production of methamphetamine. The state charged defendant with manufacture of a controlled substance under ORS 475.992. The trial court suppressed evidence seized pursuant to a warrant on the ground that the Multnomah County judge lacked authority to issue a warrant for a search in another county. The state appeals, contending that the pertinent statute allows any state judge to issue a search warrant and that this court has so held. We affirm the trial court.

The question presented here—whether a state court judge has the authority to issue a warrant for the search of person or premises beyond the territorial jurisdiction of that court—is one that we have addressed before. *See State v. Harris,* 25 Or App 71, 78-79, 547 P2d 1394, *rev den* (1976). In that case, a Douglas County district court judge had issued a warrant authorizing searches of two dwellings in Douglas County and an automobile that had been removed from Douglas County to Lane County. The defendant argued that ORS 46.030, which provides that a district court's jurisdiction is "coextensive with the boundary of the county," deprived a district court judge of the power to issue warrants for searches of property outside the county's boundaries. We said:

"* * * This statute does not expressly forbid a district court from issuing a search warrant which may be executed in another county. We find no statute which clearly indicates that the district court's search warrants may or may not be executed outside the county of the court's seat.

"Where the legislature has overlooked a matter of this general nature, it has been held the court will do what it is apparent the legislature would have done if it had perceived the problem. [Citation omitted] * * *" 25 Or App at 79.

Taking the fact that a district judge is a state judge as a guide to the probable legislative choice, we then concluded that

"'* * * it is logical that one state judge should have
jurisdiction to issue any related search processes to be
executed in the state in a given case pending in his county.
* * *'" 25 Or App at 79.

We held that the Douglas County judge had the power to
authorize the Lane County search. This case provides an
occasion to reconsider *Harris.*

The *Harris* opinion did not mention ORS
133.545(1), the statute which specifically authorizes the
issuance of search warrants. It provides:

"(1) A search warrant may be issued only by a judge."[1]

This language tells us only who is empowered to issue
search warrants; it is silent about any territorial limitation
on that power, and that silence creates an ambiguity. We
therefore turn to the statutory and legislative history to
assist us in determining the extent of that authority.

The predecessor of ORS 133.545(1) was former
ORS 141.040 (*repealed by* Or Laws 1973, ch 836, § 358),
which provided that:

"A magistrate authorized to issue a warrant of arrest
may issue a search warrant."

The arrest warrant statute, ORS 133.120 (*amended by* Or
Laws 1969, ch 198, § 60, Or Laws 1973, ch 836, § 69, and
Or Laws 1977, ch 746, § 2), was essentially the same then
as it is today. That statute provides:

"A judge of the Supreme Court or the Court of Appeals
may issue a warrant of arrest for any offense committed or
triable within the state, and *any other magistrate* men-
tioned in ORS 133.030 *may issue a warrant for any offense
committed or triable within the territorial jurisidiction of
the magistrate's court.*"(Emphasis supplied.)

These two statutes, taken together, did not and do
not resolve the issue raised here. Only magistrates author-
ized to issue warrants of arrest could issue search warrants,
and arrest warrant authority was predicated on the

---

[1] The pertinent definition of "judge" appears in ORS 133.525(1):

"(1) 'Judge' means any judge of the district or circuit court, the Court of
Appeals, the Supreme Court, any justice of the peace or municipal judge
authorized to exercise the powers and perform the duties of a justice of the
peace."

underlying offense being triable within the territorial jurisdiction of the issuing magistrate, but—did the place *to be searched* have to be located in the magistrate's territorial jurisdiction? The statutes did not say.

The Oregon Criminal Law Revision Commission undertook a comprehensive revision of Oregon's criminal procedural law, including the statutes governing the issuance of search warrants. Early drafts of the proposed legislation included a specific jurisdictional limitation on the issuance of search warrants:

> "A search warrant may be issued only by a magistrate authorized by law to issue warrants in the jurisdiction where the warrant is to be executed." Criminal Law Revision Commission, Proposed Criminal Procedure Code, Preliminary Draft No. 2, November, 1971, Part II, Article 5, § 1, p 2.

The commentary to that section stated that it made no change in Oregon law, which suggests that the drafters believed that a territorial limitation on the authority to issue search warrants already existed.

The clarity of the initial draft did not survive, however. In both the initial draft and former ORS 141.040, "magistrate" was defined in a manner that included some non-lawyers. However, the Commission later decided that search warrants should be issued only by individuals with formal legal training. To that end, the Commission changed the language of the search warrant authorization provision to the present language of ORS 133.545 and defined "judge," in a separate section, to include only judicial officers with legal education. Without explanation, the territorial restriction of the original draft disappeared, and the present language thereafter made its way through the Commission's proceedings and the legislative process to become law.

An examination of the legislative history convinces us that the Commission and the legislature intended the change in draft language to establish only a "legal education requirement." As defendant points out, the only purpose for the change articulated at the time by the Commission was to restrict who has authority to issue search warrants. The Commission made a conscientious

attempt in its commentary to point out each instance in which the proposed legislation changed existing Oregon law. The commentary to the final draft makes no mention of the deletion of the territorial restriction that the Commission apparently believed existed in previous law. Neither does it suggest that ORS 133.545(1) is, in any sense, related to territorial jurisdiction now. *See* Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code, Final Draft and Report, Commentary to §§ 131, 133 (November, 1972).

In fact, the legislative history affirmatively illustrates that the Commission and legislators assumed, even under the language of the final draft, that law enforcement officials would have to obtain a search warrant from a judge "in the geographical district in which the warrant was going to be executed." This assumption revealed itself in discussions of the warrant procurement problems that the "legal education requirement" would create in eastern Oregon, where court districts are large and the number of judges with legal training is a smaller proportion of the whole class of "magistrates" in the rest of the state. To solve that problem, the Commission proposed a "telephonic warrant" system to enable law enforcement officers to obtain warrants through telephone conversations with judges. Still, eastern Oregon people were concerned about the difficulties that would arise when all the district's judges were unavailable, even for telephone calls. Proposed solutions included (1) appointment of a temporary judge for a district when the regular judge is away; (2) appointment of a panel of attorneys in the district with the power to issue search warrants; and (3) return of the power to justices of the peace.[2] No one suggested the solution that would have been obvious had the legislature intended to allow state judges to issue search warrants for execution anywhere in the state: that a search warrant could be obtained simply by a telephone call to a judge in another district.

Thus, the legislative history—such as it is—suggests that the Commission and legislature believed that

---

[2] As ORS 133.525(1), n 1, *supra,* illustrates, this problem was solved by returning the power to justices of the peace.

a magistrate was only authorized to issue search warrants within his own territorial jurisdiction. That history is hardly conclusive, however, and *Harris* is to the contrary. We turn once again to *Harris.*

In *Harris,* the defendant was in custody, charged with kidnapping, and his car had been impounded and towed. Charges were therefore pending. In addition, a body had been found. On the basis of the affidavits presented, the judge in *Harris* could fairly have concluded that he was being asked to issue a warrant to obtain evidence pertaining to a criminal case pending in his own county. This seems to have been the *Harris* rationale. 25 Or App at 79. The case thus stands for a very narrow proposition: A judge has authority to issue a search warrant to be executed *outside* his court's territorial jurisdiction if the things to be seized pursuant to the warrant are related to a criminal prosecution pending *within* the court's territorial jurisdiction.

So analyzed, *Harris* is not controlling. In this case, unlike *Harris,* no criminal charge was pending. From the affidavit supporting the warrant it appears that, if a charge were to be brought, it would be triable in Washington County, not Multnomah County. Therefore, even if the *Harris* rationale were to be extended to cases which that affidavit shows *could* be tried in the court of the issuing judge, it would not support issuance of the search warrant here. In view of our examination of the legislative history, we decline to extend *Harris'* rationale. The real question is: Need *Harris* be overruled?

Our reading of the legislative history does not, on the facts of this case, require that we overrule *Harris.* Strictly speaking, the trial court's order suppressing evidence in this case may be affirmed because there is no connection between the subject matter of the warrant and any pending or potential charge in Multnomah County. Such a decision would, however, leave the warrant-issuing process in a peculiar posture, with judges having extraterritorial search warrant authority in some cases but not others. For example, where no present charges are pending, officers seeking warrants would be required to show in their affidavits not only probable cause to search but also

probable cause to believe that a crime had been committed and that the issuing judge's county was an appropriate venue.

We conclude, for three separate but related reasons, that a search warrant may be issued only by a judge with territorial jurisdiction where the warrant is to be executed. First, the legislative history suggests this intention. Second, we note that there is a fundamental difference between arrest warrants and search warrants. An arrest warrant is "offense and person specific," *i.e.,* it is aimed at a particular individual whom the law enforcement authorities have probable cause to believe has committed an offense. It therefore makes sense to vest issuing authority in a judge in the county where the proceedings that arise from the offense will occur. Where the warrant will be *served* is not the crucial consideration; where the case will be *tried* is. A search warrant, on the other hand, is "property specific." There are no necessary ancillary proceedings connected with a search warrant; the pivotal consideration is the place of search. It therefore makes sense to limit the issuing authority to the judges in the jurisdiction where the property is located. Finally, the interpretation we now adopt embodies the law as most judges, practitioners and law enforcement officers have perceived it—another fact reflected by the commentary.

The Multnomah County judge that issued the warrant in this case was not a judge of the district where the warrant was to be executed. The trial court properly suppressed the evidence seized under the warrant. *State v. Harris, supra,* is overruled.

Affirmed.