Argued and submitted November 27, 1985, reversed and remanded
February 5, reconsideration denied March 14, petition for review denied
June 17, 1986 (301 Or 241)

STATE OF OREGON,
*Appellant,*

*v.*

RICK RAY SCHLOTZHAUER,
*Respondent.*

(C-8807 through C-8811; CA A32769 (Control)

STATE OF OREGON,
*Appellant,*

*v.*

JOHN KEITH KUNNICK,
*Respondent.*

(C-8812 & C-8813; CA A32865)

STATE OF OREGON,
*Appellant,*

*v.*

MILLER A. ANDERSON,
*Respondent.*

(C-8816; CA A32866)

STATE OF OREGON,
*Appellant,*

*v.*

MILLER A. ANDERSON,
*Respondent.*

(C-8817; CA A32867)

STATE OF OREGON,
*Appellant,*

*v.*

MILLER A. ANDERSON,
*Respondent.*

(C-8818; CA A32868)

STATE OF OREGON,
*Appellant,*

*v.*

MILLER A. ANDERSON,
*Respondent.*

(C-8819; CA A32869)

STATE OF OREGON,
*Appellant,*

*v.*

REED HUNTER ENGEL,
*Respondent.*

(C-8820 & C-8821; CA A32870)

STATE OF OREGON,
*Appellant,*

*v.*

SUSAN CLAUDIA IANNIELLO,
*Respondent.*

(C-8826 & C-8827; CA A32871)

STATE OF OREGON,
*Appellant,*

*v.*

SABINA E. SCHLOTZHAUER,
*Respondent.*

(C-8828 through C-8831; CA A32872)

STATE OF OREGON,
*Appellant,*

*v.*

JODI IRONS,
*Respondent.*

(C-8836 & C-8837; CA A32873)

STATE OF OREGON,
*Appellant,*

*v.*

MARY TERESA DAHILIG,
*Respondent.*

(C-8838 & C-8839; CA A32874)

STATE OF OREGON,
*Appellant,*

*v.*

MILLER A. ANDERSON,
*Respondent.*

(C-8844; CA A32875)
(Cases Consolidated)

714 P2d 243

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for respondents. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals from a series of pretrial orders which suppressed evidence on the ground that a search warrant issued by a justice of the peace was invalid, because it was executed outside the territorial jurisdiction of the justice.

On April 4, 1985, Grant County sheriff's deputies obtained a warrant to search the Red Willow Ranch in rural Grant County. The warrant was signed by "Bertha A. Brainerd, Justice of the Peace No. 2." Defendants were charged with various crimes as a result of evidence discovered in the search of the ranch.[1] Defendants moved to suppress the evidence seized on the ground, *inter alia,* that the Red Willow Ranch was not in the district for which Brainerd is a justice of the peace. The trial court granted the motions. The state and defendants stipulated that:

"* * * There are two Justice of the Peace districts in Grant County denominated by Number 1 and Number 2; that the Red Willow Ranch, which is the object of the search warrant in evidence here, is entirely within Justice District Number 1; that Bertha [Brainerd] is the Justice of the Peace for District Number 2; that she is not the elected justice for District Number 1; that Bertha [Brainerd] signed the search warrant, Exhibit Number 2; that Bertha [Brainerd] lives in Justice District Number 2; that Justices are elected by the voters within their respective districts only. * * *"

The record also indicates that the justice of the peace for District Number 1 was not in Oregon on April 4, 1983. The two Grant County justices of the peace have an agreement, on file with the county governing body, that each would act for the other in the other's absence; the county governing body "concurred with the intent" of that agreement. The state acknowledges that the agreement is not in strict compliance with ORS 51.260(2),[2] which states the requirements for the

---

[1] The crimes charged included menacing, ORS 163.190, manufacturing a controlled substance, ORS 475.992, possession of a controlled substance, ORS 475.992, and frequenting a place where controlled substances are used. ORS 167.222.

[2] ORS 51.260 provides, in pertinent part:

"(2) In the event of a temporary absence or other incapacity of a justice of the peace, the county court, if it deems it in the public interest, may appoint a person possessing the qualifications for election to such office to serve as justice of the peace pro tempore during such absence or incapacity but not for a period to exceed 60 days."

appointment of a justice of the peace *pro tempore*. It contends, however, that the agreement is in substantial compliance with the statute. Additionally, the state argues that it does not matter whether Brainerd was a properly appointed *pro tem* justice for District Number 1, because justice courts have jurisdiction over offenses committed or triable in their respective counties, not merely their respective districts. ORS 51.040 and 51.050.[3] The state is correct on the second ground, and we reverse.

Counties are authorized to establish justice of the peace districts. ORS 51.020. A justice court is held by a justice of the peace within the district for which the justice was elected. ORS 51.010. To be eligible for election to the office of justice of the peace, one must be a resident of the electing district. ORS 51.240.

Defendants contend that the cited provisions, especially ORS 51.010, limit a justice court's territorial jurisdiction to the district from which the justice is elected. As we read them, however, those provisions have nothing to do with jurisdiction. They deal only with the establishment of justice courts, their location and the qualifications for the office of justice. They do not delineate the jurisdiction of the court or limit the authority of a justice of the peace to issue a search warrant. There is no hint whatsoever that justice court district boundaries are jurisdictional.

Four statutory sections deal specifically with the justice court's jurisdiction over criminal matters. ORS 51.040 and 51.050 state that justice courts have jurisdiction over

---

[3] ORS 51.040 provides, in pertinent part:

"A justice's court has jurisdiction of the following crimes committed or triable in their respective counties:

"(1) Theft, where the punishment may be imprisonment in the county jail or by fine.

"(2) Assault, and attempted assault * * *,

"(3) Any misdemeanor defined and made punishable by ORS 164.045 * * *."

ORS 51.050 provides, in pertinent part:

"(1) Except as otherwise provided in subsection (2) of this section, in addition to the criminal jurisdiction of justices' courts already conferred upon and exercised by them, justices' courts have jurisdiction of all misdemeanors committed or triable in their respective counties."

specified categories of crimes "committed or triable in their respective counties." *See* n 3, *supra.* A crime is "triable" in a justice court when an action may be commenced in the county where the court is held. ORS 51.070. There is no question but that the crimes charged here are triable in Grant County and are among those enumerated or included within ORS 51.040 and 51.050. In addition to those specified areas of subject matter jurisdiction, ORS 51.060 provides that justices of the peace have "jurisdiction concurrent with the circuit court."

One case is particularly in point. In *State v. Bunke,* 113 Or 523, 233 P 538 (1925), the defendant was charged in the justice court for District Number 4, Clackamas County, with the crime of possession of intoxicating liquor. The objection was raised that the justice court of District Number 4 had no jurisdiction to try the case, because the defendant lived and was arrested at his home outside of the district. The provisions of Oregon Laws 1920, § 2224-57, stated, similarly to ORS 51.060: "Justices of the peace * * * shall have concurrent jurisdiction with the circuit courts." Because the jurisdiction of the circuit court extended to the entire county, the court reasoned that the statutory language left no doubt that the jurisdiction of any justice in the county extended to the entire county.

We reach the same conclusion as to the authority of a justice of the peace to issue a search warrant. In *State v. Plankinton,* 62 Or App 554, 661 P2d 1387, *rev den* 295 Or 297 (1983), we reasoned, citing ORS 133.545(1) and 133.120,[4] that a "magistrate," including a justice of the peace, may issue a search warrant. The only limitation is that, when the criminal prosecution is not already pending, the warrant must be executed within the territorial jurisdiction of the magistrate's

---

[4] ORS 133.545(1) provided, in part: "A search warrant may be issued only by a judge." The 1985 legislature, Or Laws 1985, ch 344, § 1, amended that subsection by adding, in part, the following:

"A search warrant issued by a justice of the peace may only be executed within the county in which the justice court is located."

ORS 133.120 provides:

"A judge of the Supreme Court or the Court of Appeals may issue a warrant of arrest for any crime committed or triable within the state, and any other magistrate mentioned in ORS 133.030 may issue a warrant for any crime committed or triable within the territorial jurisdiction of the magistrate's court."

court. 62 Or App at 561. Because we hold that the justice court's criminal territorial jurisdiction extends to the entire county, *State v. Burke, supra,* we also hold that a justice of the peace may issue a search warrant to be executed anywhere in the county. The trial court improperly suppressed the evidence.

Reversed and remanded.